COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-02-449-CR
  
  
PATRICK LAMAR TAVE                                                          APPELLANT
 
V.
  
THE STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT 
COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Patrick 
Lamar Tave appeals his conviction for delivery of one or more, but less than 
four, grams of cocaine.  We will affirm.
        Appellant’s 
court-appointed appellate counsel has filed a motion to withdraw as counsel and 
a brief in support of that motion. In the brief, counsel avers that, in his 
professional opinion, this appeal is frivolous.  Counsel’s brief and 
motion meet the requirements of Anders v. California, 386 U.S. 738, 87 S. 
Ct. 1396 (1967) by presenting a professional evaluation of the record 
demonstrating why there are no reversible grounds on appeal and referencing any 
grounds that arguably might support the appeal. See Mays v. State, 904 
S.W.2d 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.).
        Appellant’s 
counsel presents a discussion of three potential sources of error: whether 
defense counsel was ineffective for failing to comply with the trial court’s 
rules of conduct pertinent to challenges for cause; and whether the trial court 
erred by denying defense counsel’s requests for jury instructions on the law 
of parties and accomplice testimony.  Appellant has also filed a pro se 
brief, in which he challenges the legal and factual sufficiency of the evidence 
to support his conviction and also complains that the trial court erred by 
denying the defense’s aforementioned requests for jury instructions.
        In 
the first potential ground for error, appellate counsel points out that 
appellant could argue that his trial counsel was ineffective for not complying 
with the trial court’s rules of conduct governing challenges for cause.  
As a result of this noncompliance, the trial court denied defense counsel’s 
challenges for cause to venire members 38, 47, and 50.
        To 
establish ineffective assistance of counsel, an appellant must show that his 
counsel's performance was deficient and that the deficient performance 
prejudiced the defense.  Strickland v. Washington, 466 U.S. 668, 
687, 104 S. Ct. 2052, 2064 (1984).  In this case, the record does not 
contain the identities of venire members 38, 47, and 50; therefore, we cannot 
determine whether they were seated on the jury or struck peremptorily by the 
defense.  Thus, even if trial counsel was deficient in failing to follow 
the court’s rules, there is no evidence that the deficiency prejudiced the 
defense. Accordingly, we overrule the first potential ground for error.
        In 
his first and second issues, appellant contends that the evidence is legally and 
factually insufficient to support his conviction because it does not prove that 
he delivered at least one gram of cocaine by actual transfer to Ira McDade, as 
alleged in the indictment.  He asserts that the evidence shows some of the 
cocaine McDade turned over to police was purchased from another person, Gloria 
Hill.  An “actual transfer” occurs when the defendant transfers actual 
possession and control of a controlled substance to another person.  Thomas 
v. State, 832 S.W.2d 47, 51 (Tex. Crim. App. 1992).
        The 
record shows: In June 2001, Drug Enforcement Administration (DEA) agents gave 
McDade, a paid informant, $150 to make an undercover drug buy. McDade went to a 
place known as the Chicken Shack. Upon McDade’s arrival, a person identified 
at trial as Gloria Hill got into his car, and he told her he wanted to buy $50 
worth of “rock,” or crack cocaine.  Hill then got out of McDade’s 
car.  McDade also talked to a second person, appellant, and asked to buy 
$50 worth of rock.  Appellant pulled out a $50 “rock” and handed it to 
McDade.  McDade gave appellant $50 and then asked to buy more.  
Appellant left for about ten minutes and returned with another $50 rock of 
cocaine, which McDade also purchased.  McDade then left the Chicken Shack, 
met the DEA agents at a prearranged location, and turned his purchases and the 
unspent $50 over to them.  The rocks turned out to be cocaine.  One 
weighed .95 grams and the other weighed 1.1 grams.
        Despite 
this evidence, appellant contends that the evidence of actual transfer is 
legally and factually insufficient because neither the DEA agents nor the Grand 
Prairie police officers involved in the operation observed whether the drug buys 
were from Hill or appellant, neither McDade’s nor the police’s videotape[2] shows two transactions between McDade and appellant, and 
the police videotape merely shows appellant handing something to McDade that the 
police detective opined “looked like” crack cocaine.  Appellant asserts 
that the record shows McDade purchased one of the two rocks from Hill[3] rather than from appellant and that the evidence is 
unclear about whether it was the .95-gram rock or the 1.1-gram rock.
        McDade 
testified that he “[bought] $50 worth of rock” after talking to Hill in his 
car, but he did not testify that he bought it from Hill.  Nothing on either 
videotape shows Hill handing McDade anything or putting anything in his 
car.  On the videotape that McDade recorded, appellant can be seen and 
heard saying, “Give me $50 for all that,” and then promising to return in 
five minutes with more cocaine.[4]  The police 
videotape shows appellant walking up to McDade and Hill and handing McDade a 
rock-like white substance, after which McDade gave appellant cash.  
Although this videotape shows only one transaction, when it is considered 
together with McDade’s video, it is clear that the police video is of 
appellant returning to the Chicken Shack after being gone for several minutes.[5]
        It 
was the jury’s responsibility, as trier of fact, to resolve conflicts in the 
testimony, weigh the evidence, and draw reasonable inferences therefrom.  See 
Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979).  
Regardless of whether any law enforcement officials observed the drug buys, the 
jury could have reasonably concluded from the whole of McDade’s testimony and 
the videotapes that he bought both rocks of cocaine from appellant after talking 
to Hill.  Accordingly, applying the appropriate standards of review, we 
hold that the evidence is legally and factually sufficient to show that 
appellant actually transferred at least one gram of cocaine to McDade.  See 
id.; Burden v. State, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001) (both 
setting out legal sufficiency standard of review); Zuniga v. State, No. 
539-02, 2004 WL 840786, at *7 (Tex. Crim. App. Apr. 21, 2004) (setting out 
factual sufficiency standard of review).  We overrule appellant’s first 
and second issues.
        In 
his third and fourth issues, appellant complains that the trial court improperly 
refused to instruct the jury regarding accomplice witness testimony and on the 
law of parties.  Appellate counsel also raises the trial court’s failure 
to give these instructions as his two remaining potential grounds for error.
        A 
conviction cannot be had upon the testimony of an accomplice unless corroborated 
by other evidence tending to connect the defendant with the offense 
committed.  Tex. Code Crim. Proc. 
Ann. art. 38.14 (Vernon 1979).  A person is an accomplice if there 
is sufficient evidence connecting him to the criminal offense as a blameworthy 
participant.  Blake v. State, 971 S.W.2d 451, 455 (Tex. Crim. App. 
1998).  If the evidence shows that the witness is an accomplice witness as 
a matter of law or raises a fact issue concerning the matter, the jury must be 
charged on accomplice testimony; but if the evidence clearly shows that the 
witness is not an accomplice witness, no charge is required.  Gamez v. 
State, 737 S.W.2d 315, 322 (Tex. Crim. App. 1987).  In this case, the 
evidence clearly shows that McDade’s only connection to the charged offense 
was as a police informant, not as a blameworthy participant.  Therefore, 
the trial court did not err by refusing to instruct the jury concerning 
accomplice witness testimony.[6]
        No 
charge relating to the law of parties is required if the defendant’s conduct, 
standing alone, is sufficient to sustain a conviction.  See McCuin v. 
State, 505 S.W.2d 827, 830 (Tex. Crim. App. 1974). Here, appellant’s 
conduct, standing alone, is sufficient to sustain his conviction.  See 
Tex. Health & Safety Code Ann. 
§ 481.112(a), (c) (Vernon 2003).  Further, the recipient of a drug, such 
as McDade, does not aid the seller’s “delivering act” and thus cannot be a 
party to the offense of delivery of a controlled substance.  Rodriguez 
v. State, 104 S.W.3d 87, 92 (Tex. Crim. App. 2003).  Accordingly, the 
trial court did not err by refusing to charge the jury on the law of 
parties.  We overrule appellant’s remaining issues and appellate 
counsel’s remaining potential grounds for error.
        Once 
an appellant’s court-appointed counsel files a motion to withdraw on the 
ground that the appeal is frivolous and fulfills the requirements of Anders, 
we are also obligated to undertake an independent examination of the record and 
to essentially rebrief the case for appellant to see if there is any arguable 
ground that may be raised on his behalf.  See Stafford v. State, 813 
S.W.2d 503, 511 (Tex. Crim. App. 1991).
        In 
addition to the matters we have already addressed, our independent review of the 
record shows that there is no error that arguably might support an appeal or 
require reversal.  There are no jurisdictional errors.  The 
information conferred jurisdiction on the trial court and provided appellant 
with sufficient notice to prepare a defense.  See Tex. Const. art. V, § 12; Tex. Code Crim. Proc. Ann. art. 4.05 
(Vernon Supp. 2004); Duron v. State, 956 S.W.2d 547, 550-51 (Tex. Crim. 
App. 1997).  The trial court properly charged the jury on the charged 
offense and the applicable range of punishment, and the punishment assessed is 
within the statutory range.  See Tex. Health & Safety Code Ann. § 
481.112(a), (c); Tex. Penal Code Ann. 
§ 12.32 (Vernon 2003), § 12.42(b) (Vernon Supp. 2004).  Therefore, we 
grant appellate counsel’s motion to withdraw and affirm the trial court’s 
judgment.
  
  
                                                                  PER 
CURIAM
   
PANEL F:   CAYCE, 
C.J.; DAUPHINOT and HOLMAN, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: May 27, 2004


NOTES
1.  See Tex. R. App. P. 47.4.
2.  McDade was wired with video and 
audiotape equipment when he made the buys. Also, Detective Jeff Askin of the 
Grand Prairie Police Department videotaped one of the transactions between 
McDade and appellant from an unmarked van across the street from the Chicken 
Shack.
3.  Hill was also arrested for 
distribution of cocaine as a result of the June 2001 transaction.
4.  Contrary to appellant’s 
assertion, defense counsel’s hearsay objection only concerned conversations 
between unidentified parties that could be heard on the audio portion of the 
tape, but not seen on the video. The trial court instructed the jury to 
disregard those conversations. Defense counsel also agreed to the prosecutor’s 
offer to mute the tape “until the defendant comes back on camera.” 
Appellant’s complaint that McDade’s videotape is unreliable is waived 
because it was not raised at trial. See Tex. R. App. P. 33.1(a)(1); Mosley v. 
State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), cert. 
denied, 526 U.S. 1070 (1999).
5.  Appellant also claims there is 
an inconsistency between McDade’s testimony that appellant did not go inside 
“the building” to obtain the second “rock” and the videotape, which 
shows that appellant entered the Chicken Shack and came out with a Gatorade that 
he had not previously possessed. Nothing on either videotape, however, shows 
appellant entering or emerging from the Chicken Shack between transactions.
6.  Appellant did not request an 
instruction that corroboration of McDade’s testimony was required because he 
was acting covertly on behalf of a law enforcement agency, nor does he contend 
on appeal that he was entitled to such an instruction. See Tex. Code Crim. Proc. Ann. art. 
38.141(a) (Vernon Supp. 2004). Based upon our independent review of the record 
as required in Anders cases, we hold that, even if appellant was entitled 
to such an instruction, he was not egregiously harmed by the trial court’s 
failure to give it. Both videotapes corroborated McDade’s testimony by tending 
to connect appellant to the charged offense. See Almanza v. State, 686 
S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh’g) (holding that conviction 
should not be reversed based upon uncontested charge error absent egregious harm 
to appellant).